```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**TYRON JAMES,**

              **Plaintiff,**

        v.                    CASE NO.  11-3129-SAC

**RAY ROBERTS,**
**et al.,**

              **Defendants.**

## O R D E R

    This civil complaint, 42 U.S.C. § 1983, was filed pro se by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF).  Plaintiff names as defendants Ray Roberts, Kansas Secretary of Corrections; Sam Cline, Warden, HCF; J.W. Martin, Correctional Officer (CO), HCF; Marc Morgan, CO, HCF; Ron Bieberle, CO, HCF; Jason Perry, CO, HCF; and Don Moore, Correctional Counselor, HCF.

    As the factual background for his complaint, Mr. James alleges as follows.  On September 6, 2010, he was taken to segregation without a prior investigation upon the statement of defendant Morgan that he was insubordinate, disrespectful, and disruptive in the morning meal line.  On September 7, 2010, he received a disciplinary report (DR) charging him with misconduct in the dining hall, avoiding an officer, and disobeying orders.  He "submitted a witness sheet for the video monitor" as his witness.  The disciplinary hearing was held on September 15, 2010.  Plaintiff was ejected from the hearing by defendant hearing officer J.W. Martin when plaintiff was trying to cross-examine the reporting officer, and plaintiff was assigned Mr. Riemann as his staff assistance.  The written record of the hearing indicated that Mr. Riemann and the hearing officer had

viewed the video monitor. The plaintiff was found guilty and sanctioned with 119 days disciplinary segregation, a fine of $115, and 180 days of restrictions on privileges. Plaintiff thereafter asked Mr. Riemann if he viewed "a video monitor as staff assistance (sic)" and Reimann responded that he did "not view any camera at a D.R. hearing." Mr. Riemann also told plaintiff that "there was not a (sic) officer at the hearing." The disposition was approved by the warden. Plaintiff appealed the decision to the Secretary of Corrections, who approved the finding of guilt on October 25, 2010. Plaintiff next filed a state court action challenging the prison disciplinary proceedings pursuant to K.S.A. § 60-1501. On February 24, 2011, "the court reversed and remanded the decision of the hearing officer with instructions to view the video monitor and to appoint staff assistance." On March 21, 2011, the DR was dismissed because the reporting officer failed to attend the new hearing.

Plaintiff further alleges that on October 29, 2010, defendant Moore told "the segregation officer" to take plaintiff's legal materials. Plaintiff was told the warden had said that he was "not allowed all of his legal materials by general order 15-103." At the time, plaintiff was working on a 60-1507 writ to challenge his criminal conviction as well as the 60-1501 action challenging the disciplinary proceedings. After several complaints, plaintiff's legal materials were returned on November 24, 2010, which was five days before the deadline for filing his 60-1501 writ. His 60-1507 motion was dismissed "in the process."

Plaintiff asserts that the sanctions imposed upon him, the false charges, and the taking of his legal property amounted to cruel and unusual punishment as well as denial of his rights to due

2

process and access to the courts.  He seeks a declaratory judgment that his constitutional rights were violated.  He also seeks injunctive relief requiring defendants to "revise General Order" to omit the provision regarding personal property not authorized in segregation; and removal of the meal hall seating arrangement sign.  In addition, he seeks compensatory and punitive damages for anguish and emotional distress.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has filed a motion for leave to proceed without prepayment of fees (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated.  Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action.  Instead, being granted leave to proceed in forma pauperis merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).  Furthermore, § 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $127.73, and the average monthly balance is $ 73.05.  The court therefore assesses an initial partial filing fee of $ 25.50, twenty percent of the average monthly deposit, rounded to the lower half dollar.  Plaintiff must pay this initial

partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. James is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Moreover, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 2007). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. Having screened all materials filed, the court finds the instant complaint is subject to being dismissed for the following reasons.

Even accepting the main facts alleged by plaintiff as true,

4

that he was charged with disciplinary infractions, that he was removed from the disciplinary hearing, and that the hearing officer falsely represented in the written hearing summary that a staff representative was appointed and a video of the incident was reviewed, the court finds that plaintiff has failed to state a claim of federal constitutional violation.  See Hornsby v. Jones, 392 Fed.Appx. 653, 655 (10th Cir. Aug. 20, 2010)(unpublished).[1]  This is because plaintiff was not sanctioned with the loss of good time as a result of these disciplinary proceedings.  Punishments of fines and/or segregation for a number of days generally "fail to implicate a protected liberty interest."  Id. (citing Sandin v. Conner, 515 U.S. 472, 483-84, 487 (1995)).  The due process requirements set forth in Wolff v. McDonnell, 418 U.S. 539 (1974), simply do not apply to these "hardly atypical" disciplinary measures that do not "inevitably affect the duration of (the inmate's) sentence." Hornsby, 392 Fed.Appx. at 655.  It follows that plaintiff's claims involving the disciplinary sanctions in this case, which did not include the loss of good time credit, are subject to being dismissed with prejudice.

Plaintiff's claim of denial of access fails to state a federal constitutional claim for similar reasons.  It is well-established that a prison inmate has a constitutional right of access to the courts.  However, to state a claim of denial of that right, the inmate must allege something more than that prison officials removed legal papers from his cell because they exceeded the limit allowed under prison policy.  He must "go one step further and demonstrate"

---

[1]   Unpublished opinions cited herein are not cited as binding precedent but for their persuasive value.  See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

that the alleged acts hindered his efforts to pursue a legal claim, causing him "actual injury." Lewis v. Casey, 518 U.S. 343, 348, 350 (1996). He may do so by alleging actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated, or impeded. Id. at 350, 353. The inmate represented by counsel provided by the State in a pending action is not also entitled to a prison law library.

In support of his claim of denial of access, plaintiff makes the bald allegation that his 60-1507 action was dismissed. He will be given time to describe the state court decision dismissing his 60-1507 motion or provide a copy of that order, so as to provide sufficient facts showing that the action was dismissed due to the acts of defendants. He must also explain how his two state cases were actually impeded by the alleged absence of the specific legal materials, which he alleges were taken from his cell. In addition, in order to assign liability in this § 1983 action plaintiff must allege facts showing the actual personal participation in the alleged taking of his legal papers by each person named as a defendant. Jail officials are not liable for damages under 42 U.S.C. 1983 based solely upon their supervisory capacity or their denial of grievances based upon acts previously taken by another individual.

Plaintiff is given time to show cause why this action should not be dismissed for failure to state a claim. If he fails to show such cause within the time allotted, this action may be dismissed without further notice.

6

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 25.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff must show cause why this action should not be dismissed for failure to state a federal constitutional claim.

**IT IS SO ORDERED.**

Dated this 19th day of July, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
